FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 28, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WILLIAM M. JULIAN,<br><br>    Petitioner,<br><br>    v.<br><br>JEFFERY A. UTTECHT,<br><br>    Respondent. | 2:19-cv-202-SAB<br><br>**ORDER DISMISSING ACTION** |

By Order filed August 15, 2019, the Court directed Petitioner to show cause why his habeas challenge to a 1998 guilty plea to first degree child molestation resulting in a 57-month sentence was not time-barred under 28 U.S.C. § 2244(d)(1). ECF No. 9. Petitioner, a prisoner at the Coyote Ridge Corrections Center, is proceeding *pro se* and *in forma pauperis*. The Court has not directed service of the petition on Respondent. Petitioner timely filed a response. ECF No. 10.

In his federal habeas petition, Plaintiff asserts that on July 9, 2014, a judicial officer ruled in a 3.5 hearing in a different state court criminal proceeding that Petitioner's 1998 custodial confession was coerced. ECF No. 1 at 6, 28. Based on this ruling, Petitioner now seeks to challenge his 1998 guilty plea.

Petitioner invites the Court to consider that "another matter" (*i.e.*, his trial,

ORDER DISMISSING ACTION -- 1

sentence and appeal following the 3.5 hearing on July 9, 2014) delayed the commencement of the federal limitations period under 28 U.S.C. § 2244(d)(2). ECF No. 10 at 1. Because, under the terms of the statute, neither the 2015 trial nor 2016 appeal would constitute a "collateral review with respect to the pertinent judgment or claim" (*i.e.*, a 1998 coerced confession), they could not toll the federal limitations period under 28 U.S.C. § 2244(d)(2).

Therefore, even if the Court could infer that the July 9, 2014 ruling in a separate criminal matter somehow delayed the commencement of the federal limitations period under 28 U.S.C. § 2244(d)(1)(D), the limitations period would have expired a year later, on July 9, 2015. The fact Petitioner was not "inspired" to conduct legal research until June 2018, ECF No. 10 at 2, does not warrant equitable tolling under *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Accordingly, **IT IS ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is **DISMISSED with prejudice** as time barred under 28 U.S.C. § 2244(d).

2. All pending motions are denied as moot.

**IT IS SO ORDERED.** The Clerk of Court shall enter this Order, enter judgment, provide copies to Petitioner, and **CLOSE** this file. The Court certifies there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**DATED** this 28th day of October 2019.

Stanley A. Bastian
United States District Judge

ORDER DISMISSING ACTION -- 2